IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: PRE-FILLED PROPANE TANK | ) | MDL NO. 2086 |
| MARKETING & SALES PRACTICES | ) | |
| LITIGATION | ) | Master Case No. 09-2086-MD-W-GAF |
| | ) | |
| ALL ACTIONS | ) | |

## ORDER

Presently before the Court is Plaintiffs Yisroel Lazaroff, Peter Yunis, David Goldman, Vicki Shawl, Mark Shawl, Michelle Hardwick, Jimmy Hardwick, Gina Pennisi, and Brett Adams's (collectively "Objectors") Motion for Judicial Notice of Facts Germane to the Determination of Whether to Grant Preliminary Approval to the Proposed Amerigas Settlement. (Doc. #56). Objectors request the Court take judicial notice of the following facts:

(1) the actual capacity of a 20 pound propane cylinder is 42% of the stated water capacity of that cylinder, or 20 pounds of propane;

(2) there are numerous applicable state and federal laws and regulations that expressly state that the safe and legal capacity of a propane cylinder is 42% of its stated water capacity; and

(3) such state and federal laws and regulations further state that filling cylinders to their full capacity of 42% of the cylinders' stated water capacity is mandatory.

(Doc. #15).

The Court finds that none of the aforementioned facts are entitled to judicial notice. For a court to take judicial notice of a fact under Fed. R. Evid. 201, the fact must: (1) be "generally known within the territorial jurisdiction of the trial court"; and (2) be "capable of accurate and ready

1

determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Due to the effect of taking judicial notice, "caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009).

Objectors' proposed facts to be judicially notice are not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The proposed facts are hotly contested by not only the defendants in this case, but also the majority of Objectors' fellow plaintiffs. *See* Doc. ##72, 77. The finding that the proposed facts are not "readily" determinable is supported by the fact that it took Objectors fifteen (15) pages to *argue* their position. Such lengthy arguments were necessary because none of the sources cited by Objectors accurately and readily establish, beyond question, the facts Objectors seek to have judicially noticed. The Court does not dispute that some regulations, both state and federal, exist that address fill levels of 20 pound propane tanks. *See generally* 29 C.F.R. § 1910.110(b)(12) (describing filling densities of gas containers); 16 Tex. Admin. Code § 9.136 (same). These regulations, however, are subject to some ambiguity and do not necessarily stand for the propositions Objectors espouse. Therefore, Objectors' proposed facts are not proper for judicial notice. Accordingly, it is

**ORDERED** that Objectors' Motion is **DENIED**.[1]

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED: March 11, 2010

---

[1] Because the Court's Order of March, 11, 2010 (Doc. #89), grants Plaintiffs' Motion to Preliminarily Approve Settlement, Objectors' Motion could have been simply denied as moot. However, considering the importance and centrality of the facts Objectors requested be judicially noticed, slightly more discussion was warranted. Regardless, judicial notice would be improper.