# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: PRE-FILLED PROPANE TANK | ) | MDL NO. 2086 |
| MARKETING & SALES PRACTICES | ) | |
| LITIGATION | ) | Master Case No. 09-2086-MD-W-GAF |
| | ) | |
| ALL ACTIONS | ) | |

## ORDER PRELIMINARILY APPROVING FIRST AMENDED SETTLEMENT AGREEMENT

Presently before the Court is Plaintiffs' Motion for Preliminary Approval of Amended Class Settlement. (Doc. # 113). All Plaintiffs in this multidistrict litigation and Defendants AmeriGas Propane, Inc., AmeriGas Partners, L.P., and AmeriGas Propane, L.P. (collectively "AmeriGas")[1] have agreed to a proposed First Amended Settlement Agreement ("Amended Settlement Agreement") of this case, covering all persons in the United States who purchased or exchanged an AmeriGas 20-pound propane gas cylinder, not for resale, between June 15, 2005, and November 30, 2009 (the "Settlement Class"). *Id.* For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

## DISCUSSION

Settlement Class Counsel, on behalf of Plaintiffs Jack Fuller, Sara Hook, Derrick Jackson, Pat Mallaney, Bart Fraenkel, David Judd, and Don Parker ("Representative Plaintiffs") and the Class, and AmeriGas have entered into a settlement of the claims asserted in the Representative Actions, the terms of which are set forth in the Amended Settlement Agreement.[2] The Amended Settlement Agreement is subject to review under Federal Rule of Civil Procedure 23. The Amended

---

[1]The Ferrellgas defendants, who supply Blue Rhino propane tanks, are not parties to the Amended Settlement Agreement.

[2]All defined terms used herein have the same meanings set forth for such terms in the Amended Settlement Agreement.

Settlement Agreement, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Representative Actions and Related Actions on the merits and with prejudice.

Having read and considered the Amended Settlement Agreement, the proposed Notice of Pendency of Class Action and Proposed Settlement, and the proposed form of the Proof of Claim and Release, and submissions made relating to the Amended Settlement Agreement, the Court finds that substantial and sufficient grounds exist for entering this Order. Accordingly, it is

**ORDERED** that:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, this action is preliminarily certified as a class action on behalf of all people who purchased or exchanged one or more of AmeriGas's pre-filled propane gas cylinders in the United States, not for resale, between June 15, 2005, and November 30, 2009. Excluded from the Settlement Class are: AmeriGas, AmeriGas's affiliates, subsidiaries, and parent, and each of their respective directors, officers, and employees; legal representatives, successors, and assigns; any other entities in which AmeriGas has a controlling interest; persons who purchased for purposes of resale; any Judge to whom the Action is assigned and all members of his or her immediate family; and all Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice disseminated in accordance with the Preliminary Approval Order.

2. The Court finds, preliminarily and for purposes of Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of those Settlement Class is impracticable; (b) there are questions of law and fact

common to each member of the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Representative Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of Settlement only, the Representative Plaintiffs are certified as the class representatives on behalf of the Settlement Class and Representative Plaintiffs' counsel of record, Elizabeth A. Fegan of Hagens Berman Sobol Shapiro LLP, Eric Gibbs of Girard Gibbs LLP, Laurence King of Kaplan Fox and Kilsheimer LLP, and Norm Siegel of Stueve Siegel Hanson LLP are hereby appointed as Settlement Class Counsel.

4. A hearing (the "Settlement Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on August 30, 2010 at 9:00 a.m. for the following purposes:

    (a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    (b) to determine whether the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    (c) to determine whether an Order and Final Judgment, as provided under the Amended Settlement Agreement, should be entered, dismissing the

Representative Actions and Related Actions, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons, as set forth in the Amended Settlement Agreement, should be ordered;

(d) to consider the application of Settlement Class Counsel for an award of attorneys' fees and expenses; and

(e) to rule upon such other matters as the Court may deem appropriate.

5. At the Settlement Fairness Hearing, the Court reserves the right to approve the Amended Settlement Agreement with or without modification or to disapprove it. This is only a preliminary determination.

6. The Court approves the form, substance, and requirements of: (a) the Class Notice, including the Summary Notice and Long Form Notice attached as Exhibits B and C, respectively, to the Amended Settlement Agreement; and (b) the Claim Form, attached as Exhibit A to the Amended Settlement Agreement.

7. The Court appoints The Garden City Group, Inc. as the Claims Administrator to fulfill those duties as outlined in the Amended Settlement Agreement.

8. Settlement Class Counsel has the authority to enter into the Amended Settlement Agreement on behalf of the Settlement Class and is authorized to act on behalf of the members of the Settlement Class with respect to all acts or consent required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9. AmeriGas's Counsel and the Claims Administrator shall cause the Summary Notice, Long Form Notice, and the Claim Form, substantially in the form annexed to the Amended Settlement Agreement, to be distributed via publication and directly as set forth in the Declaration of Katherine Kinsella.

10. The Court approves the form of the Summary Notice in substantially the form and content annexed to the Amended Settlement Agreement as Exhibit B. The Court directs that the Claims Administrator shall cause the Publication Notice to be published in People Magazine and published electronically on the PR Newswire within sixty (60) calendar days of the entry of this Order. The Court further directs that AmeriGas cause the Summary Notice to be published and disseminated on the cylinders within thirty (30) calendar dates of the entry of this Order.

11. Not later than ten (10) days before the Settlement Fairness Hearing, the Claims Administrator will provide AmeriGas, Class Counsel, and Defense Counsel with an affidavit or declaration by a competent affiant or declarant, attesting that the Notices have been disseminated and published in accordance with this Order.

12. The Claims Administrator will provide electronic addressing that links to a landing page where an electronic downloadable version of the Notice and Claim Form may be found. The Notices and Claim Form will remain on this webpage continuously until the first business day following the Claim Deadline or until the termination of the Amended Settlement Agreement.

13. Settlement Class Counsel shall post the Notices and Claim Form on their respective websites, if practicable. The Notices and Claim Form will remain posted on Settlement Class Counsel's websites until 150 days from the date of entry of this Order or until the termination of the Settlement.

14. AmeriGas's Counsel or their designated agent shall also make reasonable efforts to post the Notices and Claim Form on its website. Additional copies of the Notices shall be made available to any potential claimant requesting same for the purpose of participating in the settlement.

15. AmeriGas will cooperate with the Claims Administrator to facilitate providing notice directly or by publication; to assist with establishing the Settlement website; to provide the Claims Administrator with the list of customers and addresses who applied for AmeriGas's Initial Rebate Program so they can receive a copy of the Long Form Notice and Claim Form by direct mail; and to accomplish such other purposes as may be approved by AmeriGas and Settlement Class Counsel.

16. The form and method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. Under no circumstances shall any Settlement Class Member be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17. In order to be entitled to participate in the Settlement Fund, as defined in the Amended Settlement Agreement, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Settlement Class Member shall take the following action and be subject to the following conditions:

   (a) A properly executed Claim Form, substantially in the form attached to the Amended Settlement Agreement as Exhibit A, must be mailed by e-mail to the email address in the Notices so that it is received no later than 165 days

from the date of the entry of this Order or to the Post Office Box indicated in the Notices postmarked not later than 165 days from the date of the entry of this Order. Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when received (by electronic mail) or when postmarked (if properly addressed and mailed by first class mail), provided such Claim Form is actually received prior to the filing of a motion for an Order of the Court approving distribution of the Settlement Fund.

(b) The Claim Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation including valid proof of purchase, if applicable; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) The Claims Administrator will administer the Notice and Claims Administration functions set out in Amended Settlement Agreement in accordance with the terms set forth therein.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

18. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later than 105 days from the date of the entry of this Order to the Post Office Box address listed in the Notice. Such request for exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender specifically requests to be excluded from the Settlement Class (as defined in the Settlement Stipulation), and must be signed by such person. It is also requested that such persons provide their telephone number or other contact information. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Settlement Fund as described in the Settlement Stipulation and Notice.

20. The Court will consider comments and/or objections to the Settlement, only if such comments or objections, and any supporting papers, are served within fourteen (14) days after Settlement Class Counsel files a motion for final approval of the Amended Settlement, upon each of the following:

Elizabeth A. Fegan, Esq.
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Blvd., Suite B
Oak Park, IL 60301
Telephone: (708) 776-5600
Facsimile: (708) 776-5601
Settlement Class Counsel

Jay N. Varon, Esq.
FOLEY LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007.
Telephone: (202) 672-5300
Facsimile: (202) 672-5399
Counsel for Defendant AmeriGas

and the objector has filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. If the Settlement Class Member intends to appear at the Settlement Fairness Hearing through counsel, the written objection and notice to appear must also state the identity of all attorneys representing the Settlement Class Member who will appear at the Settlement Fairness Hearing. Persons who intend to object to the Settlement and desire to present evidence at the Settlement Fairness Hearing must do so on or before the Opt Out and Objection Date. In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Settlement Class Counsel and Defense Counsel: (a) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; and (b) proof of purchase,

exchange, or acquisition of an AmeriGas 20-pound propane cylinder. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and provide a statement of whether he/she intends to appear at the Settlement Fairness Hearing, either with or without counsel.

21. Any Settlement Class Member who fails to file and timely serve a written objection and notice of his or her intent to appear at the Settlement Fairness Hearing pursuant to this Paragraph, as detailed in the Notice, shall not be permitted to object to the approval of the Settlement at the Settlement Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Amended Settlement Agreement by appeal or other means. To appeal from any provision of the order approving the Settlement as fair, reasonable, and adequate; the attorneys' fees; or the award of incentive payments, the Settlement Class Member must appear in person, or through counsel, or seek leave of Court excusing such appearance prior to the Settlement Fairness Hearing, or as otherwise may be permitted by the Court at the Settlement Fairness Hearing. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement and the Order and Final Judgment to be entered approving the Settlement.

22. The Court reserves the right to adjourn the Settlement Fairness Hearing, or any adjournment thereof, without any further notice other than an announcement at the Settlement Fairness Hearing or any adjournment thereof, and to approve the Amended Settlement Agreement without further notice to the Class.

23. All papers in support of the Settlement and any application for attorneys' fees or expenses shall be filed on or before 105 days after entry of this Order. All replies to any objections to the settlement and/or replies to objections to applications for attorneys' fees and expenses shall be filed on or before fourteen (14) days prior to the hearing on the motion for final approval.

24. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf shall not institute, commence or prosecute any action which asserts Released Claims against any of the Released Persons.

25. In the event that the Settlement shall not be consummated pursuant to its terms, the Amended Settlement Agreement, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to the execution of the Amended Settlement Agreement.

26. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of, or connected with, the Settlement.

**IT IS SO ORDERED.**

                                                    s/ Gary A. Fenner
                                                   Gary A. Fenner, Judge
                                                   United States District Court

DATED: May 19, 2010