**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **IN RE: PRE-FILLED PROPANE TANK MARKETING AND SALES PRACTICES LITIGATION**<br><br>**THIS ORDER RELATES TO:**<br>**ALL CASES** | **MDL Docket No. 2086**<br><br>**Master Case No. 09-2086-MD-W-GAF** |

### ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On October 1, 2010, the Court held a hearing to consider Plaintiffs' Motion for Final Approval of the Amended Class Action Settlement. After review of the Motion (Doc. # 141), the Memorandum in Support of the Motion (Doc. # 142), Reply in Further Support of the Motion (Doc. # 153), Supplemental Reply (Doc. # 158), and the arguments at the hearing, the Court hereby **GRANTS** Plaintiffs' Motion for Final Approval of Amended Class Action Settlement and finally approves the class action settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

     1.     Plaintiffs and the Settling Defendant AmeriGas[1] have entered into a First Amended Settlement Agreement dated April 29, 2010 ("Amended Settlement Agreement"), which sets forth the terms and conditions for a proposed class action settlement and dismissal of this case on the merits and with prejudice.

---

[1] "AmeriGas" means defendants AmeriGas Propane, Inc., AmeriGas Partners, L.P., and AmeriGas Propane, L.P. Defendants Ferrellgas Partners L.P., Ferrellgas L.P., and Ferrellgas, Inc. are not subject to this Order.

2. The Court preliminarily approved this Amended Settlement Agreement on May 19, 2010. *See* Doc. # 121.

3. The preliminary approval Order outlined the form and manner by which Plaintiffs and Defendant AmeriGas were to provide the Class with notice of the settlement, the fairness hearing and related matters. The notice program included individual notice to class members who could be identified through the Initial Rebate Program, publication notices and notices affixed to AmeriGas propane tank cylinders.

4. Counsel verified that the mailing, publication, and affixed notices conformed to the preliminary approval Order. The Court finds that the notice program fully complied with Rule 23 of the Federal Rule of Civil Procedure and the requirements of due process, providing to the Class the best notice practicable under the circumstances.

5. The Court grants final approval of the Amended Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate to the Settlement Class, defined in paragraph 13 below. *See* Fed. R. Civ. P. 23(e).

6. The Court believes that the Settlement provides substantial and meaningful monetary and non-monetary relief to the Class.

7. The Court is also satisfied that the Settlement was fairly and honestly negotiated as it was the result of vigorous arms-length negotiations that were undertaken in good faith by capable and experienced counsel, and that serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.

8. Plaintiffs and Settlement Class Counsel fairly and adequately represented the interests of the Settlement Class in connection with the Settlement.

9. The Court gives weight to the parties' judgment that the Settlement is fair and reasonable. *See In re Charter Commc'ns, Inc. Sec. Litig.*, MDL No. 1506, 2005 WL 4045741, at *5 (E.D. Mo. June 30, 2005); *In re BankAmerica Corp. Sec. Litig.,* 210 F.R.D. 694, 702 (E.D. Mo. 2002).

10. The Court gives weight to the Class's reaction to the Settlement. A significant number of individuals have participated in the claims process. The opt-out rate is low. As to the objections received, the Court has reviewed and heard the objections to this Settlement, and they are hereby overruled.

11. The Court finds that the Settlement is fair, reasonable, and adequate and should be approved by the Court. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005).

12. The Court finds that the prerequisites for the Settlement Class to be certified under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Representative Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13. The Court hereby approves the Settlement and certifies a Class of individuals under Rule 23(a) and (b)(3) which includes: "All people who purchased or exchanged one or more of AmeriGas' pre-filled propane gas cylinders in the United States not for resale, between June 15, 2005, and November 30, 2009." Excluded from the Settlement Class are current or former directors, officers, or employees of Defendant AmeriGas or their Affiliates and their counsel, immediate family members of any of these persons, persons who purchased for purposes of resale, any Judge to whom the Action is assigned and all members of his or her immediate family, and all Persons who timely and validly request exclusion from the Settlement Class.

14. The persons identified in Exhibit 1 requested exclusion from the Settlement Class, and are therefore excluded from this Settlement. These persons identified in Exhibit 1 are not included in or bound by this Order and may individually pursue claims (if any) against Defendant AmeriGas. Those persons are not entitled to any recovery from the Settlement proceeds obtained through this Settlement. Exhibit 1 is attached to this Order and incorporated herein by reference.

15. Defendant AmeriGas is hereby Ordered to make payment to the Settlement Fund in accordance with the terms of the Amended Settlement Agreement. Defendant is additionally Ordered to provide all non-monetary relief to Class members in accordance with the terms of the Amended Settlement Agreement and Order Regarding Stipulated Injunction, as incorporated thereto.

16. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

17. On or before April 1, 2011, Plaintiffs and Defendant AmeriGas are further **ORDERED** to provide an update to the Court regarding *cy pres* payments pursuant to the Amended Settlement Agreement.

18. Without affecting the finality of this Order, the Court retains exclusive jurisdiction over this MDL Proceeding to consider all further matters arising out of or in connection with: (a) the enforcement of this Order; (b) the enforcement of the Amended Settlement Agreement; (c) the distribution of the Settlement Fund; (d) the distribution and/or administration of any *cy pres* funds; and (e) the determination of an award for attorneys' fees. *See Kokkohnen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (providing that a district court must indicate in its dismissal order that it retains continuing jurisdiction regarding the settlement agreement; otherwise, a district court does not have continuing jurisdiction over such agreements).

19. The Court has taken the issue of attorneys' fees under advisement, and nothing in this Order relates to any award of attorneys' fees. A determination of the proper award for attorneys' fees shall be made in a separate order.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: **October 4, 2010**